

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00031-CR

| | | |
|---|---|---|
| Joe Frank Slater | § | From the 355th District Court |
| | § | of Hood County (CR11885) |
| v. | § | February 21, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00031-CR

JOE FRANK SLATER                                      APPELLANT

V.

THE STATE OF TEXAS                                    STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Joe Frank Slater was sentenced on March 8, 2012, to fifteen years for making a false statement to obtain property or credit.[2] The trial court signed the judgment on March 16, 2012. We dismiss this attempted appeal for want of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 32.32 (West 2011). The applicable sentencing range in this case was increased from that of a state-jail felony to that of a second-degree felony based on his prior offenses. *See id.* § 12.425(b) (West Supp. 2012).

On December 3, 2012, Appellant filed in the trial court a pro se notice of appeal. This court received Appellant's notice of appeal on January 25, 2013. Concerned that we did not have jurisdiction over Appellant's attempted appeal, we informed Appellant by letter on January 29, 2013, that this appeal was subject to dismissal unless Appellant or any party showed grounds for continuing the appeal on or before February 13, 2013. Appellant responded, but the response does not show grounds on which this court may rely for continuing this appeal.

Jurisdiction is vested in this court by a timely filed notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A defendant's notice of appeal is timely if filed within thirty days after sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2. Appellant's notice of appeal was due no later than April 9, 2012, because he did not file a motion for new trial. Because Appellant's notice of appeal was not filed until December 3, 2012, it does not invoke this court's jurisdiction. Furthermore, this court does not have authority to grant an out-of-time appeal. *See Slaton*, 981 S.W.2d at 210 (reasoning that if an appeal is not timely perfected, a court of appeals has no jurisdiction to address the merits of the appeal and can take no action other than to dismiss it). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.2(a); 43.2(f); *Olivo*, 918 S.W.2d at 523.

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 21, 2013